FILED
SUPERIOR COURT
OF GUAM

2022 SEP 30 PM 8: 18

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

PITT COUNTY MEMORIAL HOSPITAL, INC., )
)
)
Plaintiff, )
)
vs. )
)
)
SHERIF ANTOUN PHILIPS, M.D., )
)
Defendant. )
)
)
_____ )

CIVIL CASE NO. CV0478-18

DECISION AND ORDER RE.
DEFENDANT'S THIRD MOTION
FOR DISQUALIFICATION
AND RECUSAL

## I. **INTRODUCTION**

This matter is before the Honorable Judge Maria T. Cenzon following her assignment to adjudicate the Motion For Disqualification and Recusal (the "Motion") filed by Defendant Sherif Antoun Philips, M.D.'s (the "Defendant") on August 8, 2022. *Ntc. of Judge Assignment* (Aug. 31, 2022) Defendant seeks to disqualify the Honorable Judge Elyze M. Iriarte ("Judge Iriarte") from continuing to preside over the underlying case. This is Defendant's third such motion. The Defendant appears *pro se*. Attorney Daniel J. Berman represents Plaintiff Pitt County Memorial Hospital, Inc. (the "Plaintiff"). The Court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 13-003 and CVR, without oral argument. Having duly considered the parties' briefs, the record, and the applicable statutes and case law, the Court now issues the following Decision and Order **DENYING** Defendant's Motion and addressing the further disposition of this case.

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page 1 of 29

## II. BACKGROUND

The gravamen of Defendant's objection to Judge Iriarte's competency to preside over this case appears rooted in a claim the he has been denied due process. See *Mot. For Disqualification & Recusal* at 1 (Aug. 8, 2022)("***Defendant ... is pursuant to his motion to Due process, First Amendment, Fifth Amendment, Fourteenth Amendment, Retaliations and Fraud upon the Court.***", "This court has botched the defendant's case and offended the basic principle of ***Due Process, Fifth Amendment and Fourteenth Amendment***.")(emphasis in original). In this regard, he asserts that Judge Iriarte has intentionally discriminated against him as a *pro se* party and alleges that her rulings – which are adverse to the Defendant – evidence such discrimination and retaliation following his request to transfer this case to the District Court of Guam (which request was notably denied by both the local and federal court). Mot. at 2 ¶ 9.

Because of Defendant's allegations that Judge Iriarte's decisions in this case clearly evince that he is entitled to her disqualification, the Court finds it necessary to conduct an exhaustive review of the applicable record in order to address these serious concerns. *See* Deft.'s Br. at 2 ¶ 9 (Aug. 8, 2022). This review will also establish the context in which this Court analyzes Defendant's claims and upon which it makes its ruling herein.

### A. The Underlying Case: Enforcement of North Carolina Judgment.

The Plaintiff filed this action in the Superior Court of Guam to enforce a judgment against the Defendant which it obtained from a North Carolina Court (the North Carolina judgment"). Compl. (May 21, 2018). The North Carolina judgment awarded the Plaintiff the sum of $12,781.25 as costs, $444,554.45 as attorneys' fees, plus post-judgment

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page **2** of 29

interest. Compl. Ex. A. Pursuant to 7 GCA § 4103, the Presiding Judge randomly assigned the case to the Honorable Judge Elyze M. Iriarte. Notice of Judge Assignment (June 26, 2018).

### 1. Defendant's Motion to Dismiss; Judge Iriarte's First Decision.

On June 13, 2018, prior to this case even having been assigned to Judge Iriarte, Defendant filed his Response and Motion to Dismiss on the basis of lack of subject matter jurisdiction, personal jurisdiction and removal of the case to the United States Federal District Court. Def's Response and Mot. to Dismiss at 2 (June 13, 2018)(the "Motion To Dismiss"). Thus, Judge Iriarte's first ruling in this case was a decision and order denying Defendant's Motion to Dismiss after finding the court had jurisdiction to consider the claim and that Plaintiff's complaint stated a cause of action. *See* Decision & Order Re Mot. To Dismiss at 5 (Sep. 7, 2018)(the "September 2018 DNO")("Because the Court possesses subject matter jurisdiction over the Complaint for Enforcement of Judgment, and the Complaint states a cause of action, Philips' Motion to Dismiss is DENIED."). Judge Iriarte's September 2018 DNO meticulously described the proceedings relating to the North Carolina judgment and included a procedural history of the case in several courts before reaching the literal shores of Guam, specifically: the General Court of Justice, Superior Court Division for the County of Pitt in the state of North Carolina, the North Carolina Supreme Court, the North Carolina Court of Appeal, the Eastern District of North Carolina (Western Division), the U.S. Fourth Circuit Court of Appeals, and the U.S. Supreme Court. September 2018 DNO at 3, Exhibits A, B.

Judge Iriarte then issued a Scheduling Notice on September 12, 2022, in which the court reminded all parties, whether represented by counsel or *pro se,* of their obligation to comply with applicable rules of court, stating: "The Civil Rules ("CVR") establish procedures for complying with Rules 12(b)(6) and 26(f) of the Guam Rules of Civil Procedure. Counsel should

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page **3** of **29**

study the Civil Rules before attempting to process cases in this court." Sched. Ntc. at 1 (Sep. 12, 2022). The court further reminded the parties of all obligations under the rules. Id. at 1, 2.

### 2. Defendant's September 14, 2018 Filings; Judge Iriarte's Order of Denial of Defendant's Motions.

On September 13, 2018, Plaintiff brought its Motion and Memorandum for Judicial Notice and Summary Judgment in which it asked Judge Iriarte to take judicial notice of the North Carolina Judgment (which was presented as a "certified true copy of the original on file in the office [of the Clerk of Court (North Carolina)]"), and on the basis that the North Carolina Judgment presented is an undisputed certified copy of the final judgment, sought summary relief. Pl's Summary Judgment Mot. at 2, 3. On September 14, 2018, the Defendant then filed two new documents titled "Rule 59 and Rule 62" (a 44-page document with exhibits) and "Rule 60(b) Grant Relief Under 28 U.S.C. § 1655 And Set Aside Judgment For Fraud On the Court Honest Service Doctrine and Vagueness Doctrine Request for Hearing for Defenddant[sic] Counter Claim," (a 48-page document with exhibits), respectively.

Although the Defendant did not specifically cite to Guam law or the Guam Rules of Civil Procedure (the "GRCP") in his filings, Judge Iriarte construed both filings to be motions made pursuant to the GRCP and denied them without prejudice, after finding they were not ripe:

> Guam's Rule 59 applies when a party seeks a new trial or an amended judgment. Rule 62 governs the stay of a proceeding to enforce a judgment. Both rules, therefore, set out procedural methods by which a judgment may be attacked or affected after a judgment has been issued by a Guam court, or a trial has occurred. On the other hand,…[T]his case is pre-trial and pre-judgment. The Court has yet to issue a Scheduling Order and has not issued a judgment on any dispositive issue. Rules 59 and 62 are therefore not applicable at present, and the Court DENIES the first filing, "Rule 59 and Rule 62."

See Order Den. Mot.'s at 2 (Sept. 21, 2018). Notably, in her second determinative order, Judge Iriarte reminded the Defendant that he must comply with the requirements of the Guam Rules of

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page 4 of 29

Civil Procedure and the Local Rules of the Superior Court of Guam, "including CVR 7.1(g) governing the length of motions." *Id.* at 2. *See also* Sept. 2018 DNO at 3 ("Philips bases his motion on North Carolina Rules of Civil Procedure 12(a)(2), (b)(1)5 and (6), which are similar to Guam's rules. However, Guam's Rules of Civil Procedure govern the procedural aspects of this case. GRCP 1. The Court therefore analyzes Philips' motion using the Guam rules."). Thus, in addition to these written orders, the Scheduling Notice also admonished Defendant to comply with the Civil Rules for the process of cases in the Superior Court of Guam.

3. **Defendant's Motion for Clarification and Motion for Reconsideration; Judge Iriarte's Decision and Order Re. Motion for Clarification and Reconsideration; Third Admonition to Defendant to Comply with Applicable Rules.**

On September 27, 2018, Defendant filed an Amended Notice of Rule 30(b)(6) Deposition and Motion for Continuance. Deft.'s Mot. for Continuance (Sept. 27, 2018). As requested, Judge Iriarte granted Defendant's motion without hearing and rescheduled the hearing on Plaintiff's Motion for Summary Judgment until Defendant's return to Guam. *See* Order Granting Mot. (Oct. 1, 2018).

Just over a week later, the Defendant then filed a 290-page document styled as a "Motion for Clarification and Motion For Reconsideration To Review the order prior to enforce the North Carolina Court order, Pursuant ToSection 1008 ( a ) of the California Code of Civil Procedure replay for Summary Judgement Motion, Relief of all orders in Violation of the law ,Fraud Upon the Court, Grant Relief Under 28U.S.C. § 1655 and Set Aside Judgement for Fraud on the Court , Under Title 42 United State Standard 1983 , The Right- to – Honest- Service Doctrine and Vagueness Doctrine" (the "Motion for Clarification and Reconsideration") (Oct. 19, 2018) (all errors in original). As evidenced from the caption of Defendant's Motion for

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page **5** of **29**

Clarification and Reconsideration, he wholly disregarded Judge Iriarte's prior orders compelling compliance with the applicable Guam Rules of Civil Procedure. Nevertheless, Judge Iriarte admirably deciphered the substance of the motion, suspending for a minute, the utter procedural failures contained within his filing. *See* Decision & Order Re. Mot. for Clarification & Reconsideration (Dec. 14, 2018)(the "Clarification Decision").

In the Clarification Decision denying relief, Judge Iriarte considered the request finding as follows:

> *Going beyond the procedural citation and looking at the merits of the motion,* Philips again asks this Court to clarify or reconsider the North Carolina state judgment. As stated in this Court's September 21 Order, this Court has not made any determination about whether it may or may not enforce the North Caroline state judgment, and Phillips has not filed the appropriate motion requesting that the Court do so.

Clarification Decision at 1 (emphasis added). Significantly, she continued to remind Defendant of his obligation to comply with applicable court rules, even as a self-represented litigant, stating: "[b]y failing to make any new arguments and *again failing to file the appropriate motions according to Guam law,* [the Defendant] is presenting the Court with frivolous motions." *Id.* at 2 (emphasis added). Judge Iriarte further stated that "[t]he Court forewarns that any further frivolous or repetitive filings by the Defendant may subject him to sanctions." *Id.* This was her third mandate to the Defendant to comply with the Guam rules of civil procedure.

### 4. Defendant Files Transfer to Guam District Court Document; Final Adjudication on the Merits Results in Guam Judgment Against Defendant.

Following her Clarification Decision, the hearing on Plaintiff's Motion for Summary Judgment occurred on December 18, 2018, and the court took the matter under advisement. *Min. Motion for Summ. Judg. 12/18/18* at 9:05:48 AM – 9:47:59 AM (Dec. 18, 2018). While the summary judgment motion was pending, however, the Defendant submitted a 58-page

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page 6 of 29

document entitled "Transfer to Guam District Court: Constitution Right and Public Trust Action (28 U.S.C & 1331) (Dec. 28, 2018) (errors in original)(the "Transfer"). It is not accompanied by any motion or notice as required under Guam rules, nor is it in any way compliant with the Local Rules of the Superior Court of Guam or the Guam Rules of Civil Procedure. On January 4, 2019, Plaintiff filed its Request for Judicial Notice and following closely on the heels of Plaintiff's Request, Defendant filed his Response for [sic] Plaintiff's Request for Judicial Notice (Jan. 9, 2019).

On January 23, 2019, Judge Iriarte granted Plaintiff's motion for summary judgment after "[f]inding that the North Carolina Judgment is final and properly certified and therefore entitled to full faith and credit." Decision & Order Re. Mot. for Judicial Notice and Summ. J. (Jan. 23, 2019)(the "Summary Judgment Decision"). In her analysis of this question, the court found first that Defendant's appeal in the North Carolina courts to have been dismissed and, therefore, "this Court finds the North Carolina Judgment to be final for purposes of execution in thestate of rendition and therefore considers it to be final in Guam." Id. at 4. Next, the court evaluated whether the judgment was authenticated as required under 18 USC § 1738, and found that the North Carolina Judgment met such authenticated requirements. Id.

Finally, Judge Iriarte turned her attention to Defendant's "continued assertions that [the North Carolina Judgment] is invalid." Id. In addressing Defendant's opposition to the motion for summary judgment and response to Plaintiff's request for judicial notice, the court carefully considered the legal grounds upon which the Defendant asserted his challenge and after a thorough and considered analysis of the law and painstaking review of the procedural history and outcomes in the North Carolina courts and federal courts, Judge Iriarte rejected his claims, finding as follows: "Because those arguments failed before the courts with jurisdiction to review

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page 7 of 29

such claims, the Court finds that Philips' arguments do not create genuine issues of material fact on the central question of whether a final and authenticated judgment exists." Id. at 4, 5.

On this basis, the court issued a Judgment enforcing the North Carolina Judgment. *See* Judgment (Jan. 24, 2019)(the "Guam Judgment"). Despite the court's final adjudication of the merits and issuance of the Guam Judgment in favor of Plaintiff, on January 29, 2019, the Defendant filed a document entitled Response for Plaintiff's Request for Judicial Notice: Fule 59 and Rule 62. *See* Deft.'s Resp. (Jan. 29, 2019). The filing was made without Defendant first seeking authority of the court to do so.

### 5. Plaintiffs Attempt To Execute on Valid Judgment; Defendant Continues to Litigate; Judge Iriarte Denies Post-Judgment Relief.

The case was quiet for a few months until October, 2019, when the Plaintiffs began to formally execute the Guam Judgment. *See* Instructions to Marshal (Oct. 21, 2019); Writ of Execution (Oct. 24, 2019); Notice of Levy on Personal Property (Oct. 25, 2019); Notice of Execution Sale of personal Property (Oct. 25, 2019); Amended Ntc. of Levy on Personal Property (Oct. 30, 2019). In response to Plaintiff's attempts to execute upon a valid Judgment, Defendant filed three separate documents titled, respectively: "Rule 62", "Injunction", and "Relief and Put Aside All Orders of Guam Superior Court, Guam Rule 54, Rule 60(b) and Motion to Dismiss." *See* Deft.'s "Rule 62" (Nov. 7, 2019); *See* Deft.'s "Injunction" (Nov. 12, 2019); *See* Deft.'s "Relief and Put Aside . . . ." (Nov. 26, 2019).

Despite no citation to Guam law or the inclusion of any comprehensible points and legal authorities supporting such a filing after the issuance of the Guam Judgment, and despite the over 8 months which had lapsed between the issuance of the Guam Judgment and the filing of Defendant's latest barrage of documents, and despite Defendant failing to post and bond or

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page **8** of 29

security to support injunctive relief, on November 14, 2019, Judge Iriarte issued a Briefing Schedule for the Rule 62 and Injunction Filings. Briefing Sched. (Nov. 14, 2019). On December 12, 2019, the Plaintiff filed its Opposition to Defendant's submissions and called for sanctions to be imposed on him for violations of the Local Rules of the Superior Court of Guam and the Guam Rules of Civil Procedure. *See* Opp'n (Dec. 12, 2019). The Defendant then filed a 193-page document, captioned "Answer For the Plaintiff's Brief Guam Rule 54, Rule 60(b) and Set Aside All Orders of Guam Superior Court Orders. *See* Deft.'s Answer (Dec. 19, 2019). The court deemed oral argument on all of Defendant's requests unnecessary under CVR 7.1 and took the matters under advisement. CVR 7.1 Form 3 (Dec. 27, 2019).

Judge Iriarte construed Defendant's three filings as motions to stay enforcement of the Guam Judgment and she denied all post-judgment requests. *See* Decision & Order Re. Deft.'s Three Post-Judgment Filings (Jan. 14, 2020)(the "Post-Judgment DNO"). The court identified the common thread in all of Defendant's post-judgment filings as his belief that the Superior Court of Guam lacks jurisdiction because his case was transferred to federal court – a transfer which Judge Iriarte declared "appears untrue." Post-Judgment DNO at 3 (citing Pl's Opp'n at Ex. 3). Judge Iriarte also addressed Defendant's contention that she is not objective and should be disqualified by directing the Defendant to his failure to identify what specific actions taken by the court would establish partiality as well as his failure to comply with the disqualification procedures of 7 GCA § 6107. Id. at 4. Judge Iriarte's even-keeled Decision did not impose sanctions upon the Defendant. Indeed, she did not even discuss sanctions.

Inexplicably, but not surprisingly at this point, Defendant then submitted a document entitled "Highlights of Oral Arguments" that appears to recite arguments from his previous

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page **9** of **29**

filings. *See* Deft.'s "Highlights of Oral Arguments" (Jan. 23, 2020). It is wholly unclear what Defendant sought by this filing and it appears to remain a phantom document on the record.

### 6. Defendant Files Appeal to Guam Supreme Court But Continues To File Papers in the Superior Court of Guam.

On January 27, 2020, the Defendant filed a Notice of Appeal of Judge Iriarte's decision and orders from December 14, 2018, January 23, 2019, and January 14, 2020, to the Supreme Court of Guam. *See* Notice of Appeal and Petition (Jan. 27, 2020). On May 21, 2020, the court issued a Notice of Hearing for the purpose of holding a Status Conference – a standard proceeding designed to determine, as indicated in its nomenclature, the *status* of a case. Ntc. of Hrg. (May 21, 2020). Despite choosing to exercise his right of appeal to the Guam Supreme Court, the Defendant submitted three additional filings to the Guam Superior Court months after the appeal had been filed. *See* Deft.'s Motion of Further Proceeding And Request of Agenda (May 26, 2020)(seeking an agenda from the court with "enough time to study it"); *See* Deft.'s Mot. of Functus Officio (May 29, 2020); *See* Deft.'s Mot. to Quash both subpoena and Notice of Deposition (June 1, 2020).

At a subsequent status conference hearing, on June 3, 2020, Defendant initially declared that he "refuse[s] to participate in the conference call without a written agenda." Id. at 9:49:53 AM. Plaintiff moved to strike Defendant's motions for failing to file a CVR 7.1 Form 1 for his pending motions. Hr'g Tr. at 9:49 AM (June 3, 2020). Judge Iriarte asked the Defendant if he could file the required form and if he understood. *Id.* at 9:56 AM. The Defendant replied affirmatively. *Id.* at 9:57 AM. Later, after the Defendant filed the form incorrectly, Judge Iriarte struck the form but afforded the Defendant yet another chance. *See* Order Striking CVR 7.1 Form 1 (June 11, 2020) ("Because Defendant is self-represented, the Court will allow him one

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page **10** of 29

more opportunity to file a CVR 7.1 Form 1."). The next day, the Defendant filed a new form. *See* CVR 7.1 Form 1 (June 12, 2020). The Plaintiff then responded with two filings. The first was a reply stating that the filings were "all without merit and are the definition of frivolous and sanctionable." Pl.'s Reply at 1 (June 16, 2020). The second was a motion to strike the new form and called for sanctions to be imposed on the Defendant. *See* Pl.'s Mot. (June 24, 2020). Defendant reacted by filing a motion to strike Plaintiff's two motions. *See* Deft.'s Mot. to Strike (July 7, 2020).

Presented with two motions to strike, one from each party, Judge Iriarte first considered Plaintiff's motion to strike. Judge Iriarte granted the motion and struck Defendant's motions after finding Defendant's CVR 7.1 form to be deficient despite the court providing him opportunity to correct their deficiencies. *See* Order (July 7, 2020). However, Judge Iriarte also made clear in her order that "Philips is free to refile a clearly stated and calculated Form 1 for any motion stricken herein and refile the underlying motions." *Id.* Judge Iriarte then returned to Defendant's motion to strike and denied it. *See* Order (July 16, 2020). In response to Judge Iriarte's first order, the Defendant again filed a CVR 7.1 Form 1 and attached the previously stricken motions. *See* CVR 7.1 Form 1 (July 9, 2020). In return, the Plaintiff filed a motion to again strike the new filings for continued deficiencies pursuant to CVR 7.1 and GRCP 12(f) and renewed their call for sanctions. *See* Pl.'s Second Mot. to Strike (July 16, 2020). The Defendant then appealed both of Judge Iriarte's orders to the Guam Supreme Court. *See* Notice of Appeal (July 17, 2020).

//

//

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page **11** of 29

### 7. Defendant Submits Papers To Several Different Courts, All of Which Are Ultimately Rejected; Defendant Attempts To Disqualify Judge Iriarte Twice and Fails.

The Defendant also filed a motion to transfer this matter to the Ninth Circuit. *See* Mot. (July 31, 2020). Judge Iriarte construed the filing as a notice of removal and instructed:

> If Philips wishes to give the Court a notice of removal, he must file proof that such removal has been accepted to divest this Court of jurisdiction. If Philips is asking the Court to consider his motion, he must file a Form 1 with his motion within five days of the filing of this Order or the Court will strike the motion.

Order (Sept. 8, 2020). Two days later, the Defendant made a filing, attaching an order from the Ninth Circuit in an apparent attempt to prove that removal was accepted. *See* Deft.'s filing (Sept. 10, 2020). However, the Federal District Court of Guam granted a motion to remand the case back to the Superior Court of Guam. *See* 20-00025 Order (Mar. 30, 2021). In its analysis, the district court found Defendant's argument that the federal court possessed jurisdiction to be "clearly false" and because "Defendant Philips lacked an objectively reasonable basis for seeking removal," the court furthered ordered the Defendant to pay the opposing party "an award of reasonable attorney's fees and costs incurred as a result of the removal." *Id.* at 4-5.

In turn, the Guam Supreme Court dismissed Defendant's first appeal, identified as Guam Supreme Court Case No. CV20-002, after finding that "Defendant-Appellant Sherif Antoun Philips, M.D.,("Dr. Philips") failed to file complaint briefs and excerpts of records despite multiple opportunities afforded to him by this court by virtue of his status as a pro se litigant." *See* Order (Dec. 14, 2020). The Supreme Court of Guam entertained Defendant-Appellant's request to reconsider the order dismissing his appeal but denied it since "no new facts, arguments, or legal authorities" were provided. Order (June 24, 2021). The Supreme Court of Guam also dismissed Defendant's second appeal, identified as Guam Supreme Court Case No.

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page 12 of 29

CVA20-016. *See* Order (June 24, 2021). Significantly, the Guam Supreme Court addressed Defendant's final request to set aside the Supreme Court's Judgment dismissing his appeals in an Order issued by the High Court on August 27, 2021. In its Order denying such relief, the Guam Supreme Court expressed its disdain for Defendant's continued failure to "cite relevant law or to cogently argue any basis on which this court should reconsider its prior Order or set aside its prior Judgments." Order at 4 (Aug. 27, 2021). In expressing its frustration with Defendant's incessant frivolous filings, though not imposing sanctions upon him, the Supreme Court cautioned him against future filings of the same nature:

> We impose no further sanctions on Dr. Philips at this time, but we warn that our patience is waning. Absent extraordinarily persuasive arguments, limited to issues properly before this court, we will entertain no further motions in CVA20-002 or CVA20-16. Should Dr. Philips file any further frivolous pleadings or motions, we will designate him a vexatious litigant and will order the clerk's office to reject his future filings.

Id. Having been forewarned of sanctions by the Guam Supreme Court, the Defendant resumed his persistent filings in the Superior Court. This time, he filed a motion to strike a hearing and requested sanctions on the basis that the Superior Court lacked jurisdiction because the case was on appeal in the Ninth Circuit. *See* Deft.'s Mot. to Strike (July 9, 2021). He also filed what would be his first motion to recuse and disqualify Judge Iriarte. *See* Deft.'s Mot. of Recusal & Disqualification (July 23, 2021).

Pursuant to 7 GCA § 6107, Judge Iriarte answered that she found no grounds upon which her disqualification was merited. *See* Answer (Aug. 5, 2021). The Honorable Presiding Judge Alberto C. Lamorena, III likewise found no grounds upon which to disqualify Judge Iriarte and denied Defendant's motion for recusal and disqualification. *See* Decision & Order Den. Deft.'s Mot. (Sept. 10, 2021).

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page **13** of **29**

Three days later, the Defendant filed a motion for reconsideration of the order denying his motion for Judge's recusal and disqualification. *See* Deft.'s Mot. for Reconsideration Decision And Order Denying Def's Motion Of Recusal & Disqualification (Sept. 13, 2021). A second time, Presiding Judge Alberto C. Lamorena, III found no basis to disqualify Judge Iriarte and denied Defendant's motion. *See* Decision & Order Reinforcing Denial of Deft.'s Mot. (Nov. 24, 2021). *Five days later*, the Defendant appealed the Presiding Judge's decision to the Guam Supreme Court. *See* Notice of Appeal (Nov. 29, 2021). Consistent with the procedural outcomes in this case, the Guam Supreme Court dismissed the appeal after Defendant failed to abide by the Guam Rules of Appellate Procedure ("GRAP") despite having been provided an opportunity, once again, to correct course. *See* CVA21-011 Order (June 2, 2022).

With "[t]he appeal involving the requested recusal . . . ha[ving] now been resolved," Judge Iriarte proceeded to continue adjudicating the issues in this case, Order Den. Deft's Mot. (June 15, 2022), denying Defendant's motion to dismiss and strike and his motion to transfer the matter to the Fourth Circuit – a motion which Defendant filed while his motion for reconsideration of Presiding Judge Lamorena's decision denying the disqualification was still pending. *See Id.; See also* Deft.'s Mot. to Transfer (Aug. 10, 2021). Judge Iriarte then issued a flurry of orders in response to several motions filed by the Defendant, including an order to show cause to the Defendant why he should not be held in contempt after he failed to respond to a subpoena duces tecum. *See* Order to show cause (June 16, 2022). Judge Iriarte then denied Defendant's November 8, 2021 motion after being unable to determine what relief Defendant was seeking. *See* Order Den. (June 17, 2022). However, after learning of Defendant's continued appeal in the Supreme Court of Guam for which she had not been served notice, Judge Iriarte vacated the June 15, 2022, June 16, 2022, and June 17, 2022 orders "[p]ending the outcome of

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page **14** of **29**

the rehearing proceedings in the Guam Supreme Court." *See* Order (June 21, 2022); *See* Answer to Second Mot. ¶ 14, n. 2 (Aug. 18, 2022).

Defendant's petition for reconsideration in the Supreme Court was ultimately denied pursuant to GRAP 30 and GRAP 32 after the Supreme Court found Defendant's petition to "mostly consist[] of material copied and pasted" from his earlier filings, thus "not articul[ating] how th[e] court overlooked or misapprehended the law in dismissing his appeal." Order CVA21-011, 1-2 (June 17, 2022). After the appeal was finally resolved, Judge Iriarte reinstated the previously vacated orders. *See* Order to Show Cause (Aug. 3, 2022); *See also* Second Order Den. (Aug. 4, 2022); *See also* Second Order Den. Deft.'s Mot. (Aug. 5, 2022). She also struck two of Defendant's filings for failure to adhere to CVR 7.1(c) and warned the Defendant, once again, that he could "be subject to sanctions for future noncompliance with the Guam Rules of Civil Procedure, the Local Rules of the Superior Court of Guam, the General Rules of the Superior Court of Guam, or for filing any frivolous matter." Order. Striking Mot. (Aug. 4, 2022).

## 8. Defendant Seeks Judge Iriarte's Disqualification for a Third Time By the Instant Application.

On the heels of the latest string of denials for procedural and substantive failures in both the Superior and Supreme Courts of Guam, Defendant filed this instant Motion, seeking for the third time, Judge Iriarte's recusal and disqualification. *See* Deft.'s Mot. for Disqualification & Recusal (Aug. 8, 2022). Judge Iriarte filed an answer pursuant to 7 GCA § 6107. *See* Answer to Second Mot. (Aug. 18, 2022). The Defendant filed a reply. See Deft.'s Reply Br. (Aug. 19, 2022). The Plaintiff has objected to Defendant's latest request to disqualify Judge Iriarte and asks that the Motion be denied and that sanctions be ordered against the Defendant. Plaintiff also requests that this Court find Defendant to be a "Vexatious Litigant", and that no response to his

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page **15** of **29**

future filings be required unless prior leave of court is obtained. Pl.'s Third Obj. (Aug. 23, 2022). In her Answer, in light of Defendant's recurring motions to disqualify her, Judge Iriarte also seeks guidance from this reviewing court on whether the process to determine disqualification under 7 GCA § 6107 remains applicable on grounds previously asserted in his motions to disqualify Judge Iriarte. *Answer* at ¶ 20.

With this tremendous (but necessary amount) of procedural and substantive history setting the context in which this Court must now pass upon the issue of Defendant's current Motion seeking to disqualify Judge Iriarte, the Court now analyzes the Motion itself, and specifically whether any grounds justify granting his Motion.

## III. **DISCUSSION**

Despite Defendant styling his filing as a motion, it is in reality a statement of objection. *People of Guam v. Johnny*, 2006 Guam 10 ¶ 9 (citing *Urias v. Harris Farms Inc.*, 285 Cal. Rptr. 659, 662 (Cal. Ct. App. 1991). "Thus, the determination of a judge's disqualification is outside the usual law and motion procedural rules." *Id; See also Van Dox v. Superior Court of Guam*, 2008 Guam 7 ¶ 16 ("Although styled as a motion, we treat a motion for judicial disqualification as a written statement of objection, which is governed by 7 GCA § 6107, and not by the usual law and rules governing motion practice.").

When analyzing a 7 GCA § 6107 objection, 7 GCA § 6105 governs whether substantive grounds exist for disqualification. *Van Dox*, 2008 Guam 7 ¶ 18. A judge shall be disqualified from "any proceeding in which his or her impartiality might reasonably be questioned . . . ." 7 GCA § 6105(a). Such impartiality can be demonstrated:

> (1) Where he or she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page **16** of **29**

(2) Where in private practice he or she served as a lawyer in the matter in controversy, or a lawyer with whom he or she previously practiced law served during such association as a lawyer or either has been a material witness concerning the matter;

(3) Where he or she has served in governmental employment and in such capacity participated as counsel, advisor or material witness concerning the proceeding or, as such government employee, expressed an official opinion concerning the merits of the particular matter in controversy;

(4) Where he or she knows that he or she, individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in the subject matter in controversy or is a party to the subject matter in controversy or is a party to the proceeding, or in any other interest that could be substantially affected by the outcome of the proceeding;

(5) Where he or she or his or her spouse, or a person within the third degree of relationship to either of them, or the spouse of such person:

(A) is a party to the proceeding, or an officer, director, or trustee of a party;
(B) is acting as a lawyer in the proceeding;
(C) is known by the Judge to have an interest that could be substantially affected by the outcome of the proceeding;
(D) is to the Judge's knowledge likely to be a material witness in the proceeding.

7 GCA §6105(b).

The Defendant alleges that he "had[sic] been treated in a discretionary manner as being Pro Se." Deft.'s Br. at 1. While it is not entirely clear what Defendant intends to convey by "discretionary," he later alleges that he has been subject to "discrimination and . . . retaliation" by Judge Iriarte. *Id.* at ¶ 9. Defendant claims that this "was obvious in all of her rulings were against the defendant after the defendant asked to transfer his case to Federal Court." *Id.* According to the Defendant, it "is getting worse when the defendant asked for a motion of recusal." *Id.* The Defendant also alludes to Judge Iriarte's "threatening attitude for sanction and

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page 17 of 29

bench warming[sic] for contempt of court" from her orders that he received on August 3, 2022. *Id.* at ¶¶ 12-13. Lastly, the Defendant states that because "[t]he court replied on her own to the plaintiff's allegation," Judge Iriarte "was acting as a lawyer during the proceeded[sic]." *Id.* at ¶ 32(j).

As is clearly permitted under the plain language of 7 GCA § 6107,[1] Judge Iriarte filed an answer to Defendant's allegations. *See* Answer to Second Mot. (Aug. 18, 2022). Judge Iriarte stated that "none of my decisions in this case demonstrate deep-seated favoritism for or against Dr. Philips." *Id.* at ¶ 16. Instead, she submits that she has "been patient with Dr. Philips" as demonstrated by her giving him "numerous chances to comply with the Guam Rules of Civil Procedure." *Id.* Regarding her orders and their language, Judge Iriarte denied bias and pointed out that she "has the authority to sanction Dr. Philips for vexatious litigation or frivolous filings and has the duty to inform him of those potential sanctions." *Id.* at ¶ 14. She also noted that the Guam Supreme Court has not reversed any of her multiple decisions taken up on appeal. *Id.* at ¶ 17. Overall, Judge Iriarte denied that Defendant "has provided a reasonable basis for questioning [her] impartiality or for justifying [her] disqualification." *Id.* at ¶ 18. The Court now turns to address Defendant's contentions.

**A. A reasonable person could not find that Judge Iriarte has a personal bias or prejudice against the Defendant.**

Defendant does not allege that Judge Iriarte participated in the case as a lawyer in private practice, nor that she is a material witness concerning the matters, nor that she or some person

---

[1] 7 GCA § 6107 grants a judge or justice the authority to respond to accusations of disqualifying factors when raised by a party and provides: "Within ten (10) days after the service of such statement [of objection]...or ten (10) days after the filing of any statement, whichever is later in time, the ... Judge alleged therein to be disqualified may file ...with the clerk his or her written answer admitting or denying any or all of the allegations comtained in such statement and setting forth any additional fact or facts material or relevant to the question of his or her disqualification."

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page **18** of 29

within the third degree of relationship to her retains an interest in the proceeding. Instead, his attack rests almost exclusively on the shoulders of 7 GCA § 6105(b)(1) since he contends she has discriminated and retaliated against him which, if true, would show "she has a personal bias or prejudice concerning a party." 7 GCA § 6105(b)(1). When evaluating such a contention, the Supreme Court of Guam has instructed that "what matters is not 'actual bias,' but 'the appearance of bias.'" *Van Dox v. Superior Court of Guam,* 2008 Guam 7 ¶ 32 (quoting *Dizon v. Superior Court of Guam,* 1998 Guam 3 ¶ 10, n.3). The appearance of bias is judged from the standard of a reasonable person given all the relevant facts in the controversy. *Id; See also Ada v. Gutierrez,* 2000 Guam 22 ¶ 12.

In *Liteky v. United States,* 510 U.S. 540 (1994), the United States Supreme Court confronted the issues the Defendant raises in the context of 28 U.S.C. § 455, the federal law upon which 7 GCA § 6105 is derived and which reads almost verbatim as its source. Defendant claims Judge Iriarte's prejudice against him is obvious given her recent rulings against him. Deft.'s Br. at ¶ 9. "First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky,* 510 U.S. at 555. "Almost invariably, there are proper grounds for appeal, not for recusal." *Id.* The Defendant also points to Judge Iriarte's orders, which have warned him of the possibility of sanctions unless he follows the Local Rules of the Superior Court of Guam, the Guam Rules of Civil Procedure, the General Rules of the Superior Court of Guam, or for filing any frivolous matter, as evidence that she is partial against him. Deft.'s Br. at ¶¶ 12-13. However, such admonitions do not support grounds for recusal because "...opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page **19** of 29

judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky*, 510 U.S. at 555. It follows that "[a] judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." *Id.* at 556.

Interestingly, Defendant cites to "*Pesnell v. Arsnault* [sic] (9th Cir. 2008)" which relied upon the ruling in *Liteky,* in support of his objection and for the proposition that "if the judge was asked to Recusal [sic] and the judge refused. this is a good example of his the [sic] appearance of partiality." Mot. at 1, ¶ 4. Not only did the Defendant fail to correctly spell the case name and provide the legal citation to the cases upon which he relies (thereby requiring this Court to research the case), he wholly misstates the law and the ultimate ruling in *Pesnell v. Arsenault,* 543 F.3d 1038 (9th Cir. 2008). In fact, in *Pesnell,* the 9th Circuit *affirmed* the denial of the motion for recusal of the district judge therein, reasoning as follows:

> Under 28 U.S.C. § 144, if "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, ... [he] shall proceed no further...." Under 28 U.S.C. § 455(a), "[a]ny ... judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under both recusal statutes, the substantive standard is "'[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir.1997) (quoting United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986)).

> In *Liteky v. United States*, 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994), the Supreme Court held that the alleged bias must usually stem from an extrajudicial source. Id. at 554–56, 114 S.Ct. 1147. The Court held that:

> > First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves ... they cannot possibly show reliance upon an extrajudicial source.... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page **20** of **29**

prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Id.* at 555, 114 S.Ct. 1147 (internal citations omitted). However, "expressions of impatience, dissatisfaction, annoyance, and even anger" are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration. *Id.* at 555–56, 114 S.Ct. 1147. Judge Snyder, who presided over the recusal hearing, denied Pesnell's motion for recusal finding that "plaintiff does not argue that the presiding judge should be disqualified based upon any bias developed outside a judicial proceeding" and thus did not meet the *Liteky* standard. Additionally, Judge Snyder found that Pesnell failed to "demonstrate any such 'deep-seated favoritism that would make fair judgment impossible.' " Moreover, Judge Snyder found the contention that Judge Collins is "likely to be a material witness in the proceeding" under 28 U.S.C. § 455(b)(5)(iv) to be without merit because there is no showing that she would be required to be a witness as to any material fact in the action. The district court did not abuse its discretion in denying the recusal motion.

*Pesnell v. Arsenault*, 543 F.3d 1038, 1043–44 (9th Cir. 2008), *abrogated by Simmons v. Himmelreich*, 578 U.S. 621, 136 S. Ct. 1843, 195 L. Ed. 2d 106 (2016), on grounds unrelated to the recusal of the judge. *See also, Levin v. United States,* No. CV 05-00008, 2014 WL 1927332, at *2 (D. Guam May 14, 2014)(quoting *Liteky v. United States, supra*)(The court, recognizing her duty to sit in all cases that come before the court absent a legitimate reason for recusal, found the Plaintiff failed to satisfy his substantial burden of rebutting the presumption of impartiality and denied plaintiff's recusal motion).

Similarly, under the facts and circumstances of this case as set forth, above, and based upon a reading of Judge Iriarte's dispassionate and clear decisions based upon the law and the relevant facts, a reasonable person would not find that the factors alleged by Defendant in this

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page **21** of 29

case warrants her disqualification. Defendant's dissatisfaction with the outcome of her decisions is not grounds for her disqualification, nor is her admonishment to him to adhere to the rules or face the consequences of potential sanctions for abuse of process. Judge Iriarte gave the Defendant no less than four written warnings that he is subject to sanctions for failing to comply with the applicable Guam rules of court and of civil procedure and even in the clear disregard of her warnings, she had not imposed any such sanctions. Under the reasonable person standard, Defendant's reasons for seeking her disqualifications are wholly unsupported by the law requiring her recusal.

## B. Defendant's remaining relevant argument likewise fails.

Defendant vaguely stated that Judge Iriarte was acting as a lawyer during the proceedings because she replied on her own to Plaintiff's allegations. Deft.'s Br. at ¶ 32(j). Defendant fails to direct this Court to what specific filing he is alluding to. It is the Defendant's burden to "set[] forth the fact or facts constituting the ground of disqualification" and it is thus evident that he has failed to meet that burden here. 7 GCA § 6107. After an independent exhaustive review of the record, this Court did not find a filing fitting the Defendant's description. If the Court hypothesizes that the Defendant is referring to her Answer to his allegations constituting the disqualification, his argument still fails, as discussed above. Judge Iriarte replied to the allegations pursuant to Guam statute:

> Within ten (10) days after the service of such statement as above provided, or ten (10) days after the filing of any statement, whichever is later in time, the Justice or Judge alleged therein to be disqualified may file with the clerk his or her consent in writing that the action or proceeding continue without him or her, or *may file with the clerk his or her written answer admitting or denying any or all of the allegations contained in such statement and setting forth any additional fact or facts material or relevant to the question of his or her disqualification.*

7 GCA § 6107 (emphasis added).

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page 22 of 29

Indeed, "[i]f a judge does not file an answer as prescribed by Section 6107 within ten days, *then he is deemed to have consented to his disqualification.*" *Van Dox v. Superior Court of Guam*, 2008 Guam 7 ¶ 21 (emphasis added). Therefore, Judge Iriarte was required to respond within ten days of Defendant's Objection being filed if she opposed her disqualification—as she did.

## C. Defendant's Incessant Baseless Recusal Motions Shall Subject Him to Sanctions.

In addition to the arguments discussed above, Defendant's Objection contains vague and unsubstantiated claims that are both irrelevant to the issue of disqualification and which are also clearly false. For example, Defendant offers a blanket statement that "[t]his court had[sic] botched the defendant's case and offended the basic principle of due Process, Fifth Amendment and Fourteenth Amendment." Deft.s Br. at 1. The Defendant has been raising the same argument, along with his argument of "Fraud in the court and Fraud Upon the Court" since at least 2018 and in multiple motions since. *See* Deft.'s Mot. at ¶ 4 (Oct. 10, 2018); *See also* "Rule 62" at ¶ 1 (Nov. 7, 2019); *See* Deft.'s "Relief and Put Aside . . . ." at ¶ 1(Nov. 26, 2019); *See* Deft.'s "Highlights of Oral Arguments" at 1 (Jan. 23, 2020); *See* Deft.'s Mot. to Dismiss at 1(Aug. 9, 2021); *See* Deft.'s Mot. to Transfer at 1 (June 16, 2022). Defendant's previous motions arguing these points have been addressed and repeatedly been dismissed or denied.

Indeed, as the Guam Supreme Court observed in their proceedings, it seems Defendant's filings "mostly consist[] of material copied and pasted" from his earlier filings. *See* Order CVA21-011, 1-2 (June 17, 2022). *In Matter of Hartford Textile Corp.*, 681 F. 2d 895, (2nd Cir. 1982), where a party's filings, including motions to disqualify the judge, "consisted simply of a repetition of the arguments rejected time and again," the Second Circuit imposed an injunction

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page 23 of 29

that prevented the party from making further filings with limited exceptions. As the Plaintiff has pointed out, the Guam Supreme Court has considered a similar move against this Defendant. *See* Order CVA20-002, CVA 20-016 (Aug. 27, 2021).

Defendant's arguments repetitive and patently false. Included in Defendant's contentions is that the federal courts have jurisdiction over the matter and therefore the Superior Court of Guam lacks jurisdiction. Deft.'s Br. at ¶ 8. However, the Federal District Court of Guam has already declared that Defendant's jurisdictional contention was so "clearly false" that it imposed sanctions on him. *See* 20-00025 Order (Mar. 30, 2021). The Ninth Circuit has also dismissed Defendant's claims that they possess jurisdiction. *See* Pl.'s Incorporated Second Notice (Aug. 2, 2021). Thus, Judge Iriarte has found that "[i]n summary, Dr. Philips' requests for recourse in the federal system have been foreclosed." Second Order Den. (Aug. 4, 2022). Yet, Defendant persists with his claim and even presents it to this Court on his attempt to disqualify Judge Iriarte.

Given Defendant's blatant abuse of process, this Court recognizes Plaintiff's fear that Defendant intends to "simply file repetitive and endless notices of appeal to suspend all jurisdiction in the trial court and indefinitely freeze the right of any plaintiff to collect and enforce on its judgment rights." Pl.'s Br. at 5 (Aug. 23, 2022). The Senate Judiciary Committee, when discussing what would become 28 U.S.C. § 455, warned of such a possibility:

> [I]n assessing the reasonableness of a challenge to his impartiality, each judge must be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision. Disqualification for lack of impartiality must have a *reasonable* basis.

S.Rep. No. 93–419, 93d Cong., 1st Sess. 5 (1973). The Supreme Court of Guam and the United States Supreme Court are also cognizant that parties could seek to abuse the courts for personal

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page 24 of 29

gain. *See Ada v. Gutierrez*, 2000 Guam 22 ¶ 16 ("Finally, just as judges may disqualify themselves too readily, parties may try to take advantage of disqualification laws in order to find a judge whom they feel will cater to their interests."); *See also Ex parte American Steel Barrel Co.*, 230 U.S. 35, 43-44 (1913) ("Neither was it intended to paralyze the action of a judge who has heard the case, or a question in it, by the interposition of a motion to disqualify him between a hearing and a determination of the matter heard.").

### 1. Given Defendant's abuse of process in this case, Judge Iriarte may properly strike or disregard a future statement of objection if the petition is legally insufficient or formally defective without referral to recusal judge.

Noting Defendant's multiple and repetitive attempts to disqualify her, Judge Iriarte sought "guidance on whether the disqualification process under 7 GCA §6107 remains applicable for this or future disqualification motions . . . ." Answer to Second Mot. ¶ 20. However, because the question currently before this Court arises in the competency of a judge to continue to preside over a case under 7 GCA § 6107, this Court itself is limited in its jurisdiction and ability to apply sanctions against the Defendant despite his obviously frivolous, baseless, and repetitive filing. *Id.* at ¶ 16. Nevertheless, the Court interprets prior rulings of the Guam Supreme Court on this issue, including the Supreme Court's August 27, 2021 Opinion, *supra,* as permitting Judge Iriarte to disregard Defendant's future baseless objections to her competency. In *Van Dox,* the Guam Supreme Court held that if a "petition is legally insufficient or formally defective, the judge can properly strike or disregard the statement of objection without referring it to another judge." *Van Dox v. Superior Court of Guam*, 2008 Guam 7 ¶ 25 (citing *People of Guam v. Johnny*, 2006 Guam 10 ¶¶ 12, 19, 22; *People v. Nolan*, 14 P. 2d 880, 882-83 (Cal. Ct. App. 1932)).

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page 25 of 29

Seeking a remedy to Defendant's relentless filings of papers which ignore procedural requirements, the Plaintiff also asks this Court to declare the Defendant a "vexatious litigant,"[2] and while Defendant's practice before this Court since the inception of this case in 2018 clearly fits the legal definition of a "vexatious litigant,"[3] unlike the federal courts, Guam does not have an All Writs Act which would authorize a pre-filing order to cease Defendant's vexatious litigation. See e.g., *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).

However, the courts of Guam do have inherent authority under its contempt powers pursuant to 7 GCA § 7101 to, *inter alia*:

> (b) enforce order in the proceedings before it, or before all persons empowered to conduct a judicial investigation under its authority; (c) To provide for the orderly conduct of proceedings before it or its officers; (d) To compel obedience to its judgments, orders and process, and to the orders of a Judge out of court in an action or proceeding pending therein and (e) To control in furtherance of justice, the conduct of its ministerial officers and of all other persons in any manner connected with a judicial proceeding before it in every matter appertaining thereto; ... .

Thus, for his repeated violations of the rules of court and civil procedure and Judge Iriarte's several orders, Defendant is subject to contempt proceedings for any future filings in violation of the Local Rules, the Rules of Civil Procedure and Judge Iriarte's orders.

Additionally, an individual appearing *in proparia persona* is subject to Rule 11 of the Guam Rules of Civil Procedure, which provides:

---

[2] Pl's Third Objections To Def's Third Mot. To Disqualify Assigned Hon. Judge Elyze iriarte; And, Request for Decl. of Vexatious Litigant (Aug. 23, 2022).

[3] A "vexatious litigant" is one with a history of abuses of the judicial process. See *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). To prevent the continued abuses, federal courts have been granted inherent authority to regulate the activities of vexatious litigants through the imposition of carefully tailored restrictions under appropriate circumstances, such as a pre-filing order pursuant to 28 U.S.C. § 1651(a). See *Arnold v. Melwani*, 2013 WL 205430 (D. Guam 2013).

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page 26 of 29

Rule 11. Signing of Pleadings, Motions, and Other Papers; Representations to Court; Sanctions. (a) Signature. Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, *if the party is not represented by an attorney, shall be signed by the party*. Each paper shall state the signer's address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

(b) Representations to Court. **By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an** attorney or **unrepresented** party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) How Initiated.

(A) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page 27 of 29

party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

(B) On Court's Initiative. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

(2) Nature of Sanction; Limitations. A sanction imposed for violation of this rule shall be limited to what is **sufficient to deter repetition of such conduct** or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

(B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

(3) Order. When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

Should Defendant continue to file objections to Judge Iriarte's competence on grounds as set forth in the last three filings, Judge Iriarte may: (1) strike or disregard such filing under *Van Dox*, (2) find him in contempt of court and impose sanctions, or (3) impose Rule 11 sanctions upon him in order to deter his continued practice.

## IV.   CONCLUSION

The Defendant's most recent and, hopefully, final objection to Judge Iriarte's competence to preside over this matter is a stream-of-consciousness diatribe with no cogent argument relating to the legal basis for his objection. It reasserts the same arguments advanced

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page **28** of **29**

in his previous unsuccessful attempts to impugn her impartiality and ignores the possibility of the availability of relief if he would only follow clear and unambiguous rules of procedure, as repeatedly chided by both Judge Iriarte and the justices of the Guam Supreme Court.

Instead, throughout the history of the Plaintiff's attempts to enforce a valid judgment against the Defendant, he has challenged the impartiality of nearly all judges whose decisions are adverse to his claims, while declaring that he has been denied due process. Rather, the Defendant appears to have engaged in legal process in all of the following courts: 3 judges in the Superior Court of Guam to include Judge Iriarte, and two judges assigned to decide the recusal issues, the Supreme Court of Guam, the Fifth Circuit Court of Appeals, the Ninth Circuit Court of Appeals, the District Court of Guam, the local and federal courts of North Carolina, and the Supreme Court of the United States. This Court is hard pressed to imagine any case in which a litigant enjoyed more due process than the Defendant in this case. Yet, Defendant continues to abuse the legal process in which he has been given more than ample opportunity to participate. Defendant has been warned several times over the course of four (4) years in this litigation to follow the rules. Enough is enough.

The Defendant's Objection is hereby **DENIED**. This Court returns this matter to Judge Iriarte for further disposition, including the imposition of sanctions as appropriate.

SO ORDERED this 30th day of September, 2022.

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
Berman, Arriola,
Sheriff Philips
Date: 9/30/22 Time: 8:30pm

Deputy Clerk, Superior Court of Guam

HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam

Decision and Order Re. Def's Third Mot. For Disqualification and Recusal
CV0478-18, *Pitt Cnty. Mem'l Hosp., Inc. v. Philips*
Page **29** of **29**